IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :  CRIMINAL ACTION |
| | :  NO. 18-161 |
| COREY HILARIO | : |

<u>MEMORANDUM</u>

SCHMEHL, J. /s/                                               OCTOBER 8, 2024

The Defendant was charged with one count of possession of a mixture and substance containing a detectable amount of cocaine and 28 grams or more, that is, 59 grams, of a mixture and substance containing a detectable amount of cocaine base ("crack"), with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). The base offense level for Count One was 24 pursuant to U.S.S.G. § 2D1.1(a). PSR ¶ 19. Defendant was subject to the enhanced career-offender guidelines under U.S.S.G. § 4B1.1(b)(2) and the offense level became 34 because the statutory maximum sentence on Count One was 25 or more years of imprisonment. PSR ¶ 25. Defendant received the career-offender enhancement because he had two or more prior convictions for felony drug offenses within the previous 15 years. PSR ¶ 30-32. After three levels were subtracted for acceptance of responsibility, the total offense level was 31. Because the Defendant was a career offender, he received a criminal history score of VI. PSR ¶ 36. The guideline range for an offense level of 31 and a criminal history category of VI was 188-235 months imprisonment. PSR ¶ 63. Nonetheless, the parties agreed to a binding plea agreement under Rule 11(c)(1)(C) where the parties agreed to recommend to the Court a sentence of 96 months imprisonment. Defendant pled guilty pursuant to the plea agreement. At the sentencing hearing on January 23, 2019, the Court adopted the

1

guideline range in the PSR and imposed the recommended sentence of 96 months. Presently before the Court is the Defendant's *pro se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. For the reasons that follow, the motion is denied.

A court may reduce a defendant's sentence if the applicable sentencing range "has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). To determine whether an amendment warrants such a retroactive reduction, the Court must first consider whether the reduction is consistent with "applicable policy statements issued by the Sentencing Commission" in U.S.S.G. § 1B1.10. *Id.* If the Court finds that the reduction is consistent with relevant policy statements, the Court should consider the factors in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Defendant argues that he is eligible for a reduction of sentence pursuant to Part A of Amendment 821[1]. Prior to the adoption of Amendment 821, an offender was given 2 additional criminal history points—commonly referred to as "status points"—if he committed the underlying offense(s) while under a criminal justice sentence. Pursuant to Part A of Amendment 821, an offender with 7 or more criminal history points now receives only 1 status point and an offender with 6 or fewer criminal history points no longer receives any status points. U.S.S.G. § 4A1.1.

Defendant is not entitled to a reduced sentence under Part A of Amendment 821 because applying Part A to his sentence does not change his applicable guideline range. *See* U.S.S.G. § 1B1.10(a)(2)(B); 18 U.S.C. § 3582(c)(2). Although Defendant received two "status points" in the calculation of his criminal history score, the recent

---

[1] Amendment 821 to the United States Sentencing Guidelines went into effect on November 1, 2023 and applies retroactively, *see* U.S.S.G. § 1B1.10(a)(1), (d), cmt. 7.

amendment would not affect his criminal history category because he was deemed a career offender at the time of his sentencing which automatically placed him in criminal history category VI, regardless of the number of criminal history points U.S.S.G. § 4A1.1. Therefore, even if Part A of Amendment 821 had been in place when Defendant was sentenced, his criminal history category would still have been VI. While he is correct that under Amendment 821, he would have received only one, rather than two, status points for committing the offense while under a criminal justice sentence for two prior felony drug convictions, See U.S.S.G. 4A1.1(e), "[c]areer offenders are automatically given a criminal history category of VI, regardless of the number of criminal history points." In other words, the Sentencing Guidelines applicable to Defendant were not affected by Amendment 821. Thus, because the amended guideline range that would be applicable to Defendant today is identical to the range that was applied at his sentencing, the Court need not move past step one of the inquiry outlined by the Supreme Court in *Dillon*. As a result, Defendant is not eligible for relief under Amendment 821 and his motion must be denied.